IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3056-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| ANGEL ABARCA SANDOVAL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or the correct sentence of the defendant, Angel Abarca Sandoval (filing 117).[1] The motion was filed on June 16, 2006, less than one year after Abarca's conviction became final, and thus is timely.

Abarca pleaded guilty to one count of possession with intent to distribute 500 grams or more of methamphetamine, and, on April 7, 2004, was sentenced to 120 months' imprisonment, followed by 5 years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on November 7, 2005, holding that it was not plain error to deny Abarca safety-valve relief under 18 U.S.C.

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

§ 3553(f) and United States Sentencing Guideline (U.S.S.G.) § 5C1.2, because his attorney conceded at sentencing that Abarca was had not been able to satisfy the requirement that he truthfully provide the government, before sentencing, all of his information regarding the offense. The Court of Appeals declined to rule on Abarca's additional claims that his attorney was ineffective for failing to object or to put on evidence regarding his eligibility for safety-valve relief, and that his guilty plea was not voluntary because he was led to believe by his counsel, the interpreter, and the government that he would qualify for safety-valve relief if he pleaded guilty.

Abarca claims that he is entitled to § 2255 relief because of ineffective assistance of counsel. Specifically, he alleges that his attorneys: (1) failed to file a motion to suppress evidence, (2) failed to request safety valve relief; (3) failed to request a mitigating role adjustment under U.S.S.G. § 3B1.2; (4) failed to object to the court's alleged failure to determine that he understood the nature of the charge to which he was pleading; (5) failed to object that the court did not inquire whether Abarca had reviewed the presentence investigation report with his attorney; and (6) failed to communicate with him while the case was on appeal. Because it plainly appears that none of these contentions has merit, Abarca's motion will be dismissed.

## I. DISCUSSION

In order to prevail on a claim of ineffective assistance of counsel, Abarca must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as

2

true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

When a guilty plea is challenged under the second prong of the Strickland test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." Nguyen, 114 F.3d at 704 (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Id., at 703 (internal quotations and citation omitted).

### *A. Motion to Suppress*

At the guilty plea hearing, the government advised the court regarding the factual basis for the plea, and Abarca agreed that the facts stated were correct. The government stated the evidence would show that on April 23, 2003, a Nebraska State Patrol trooper observed a vehicle traveling eastbound on Interstate 80 that had one California license plate; that the trooper stopped the vehicle because it did not have a front license plate, and because the driver's view was obstructed by some object hanging from the rearview mirror; that the driver was Abarca, who was identified by his Oregon operator's license, and there were also three passengers in the vehicle; that the trooper issued Abarca a warning ticket and asked permission to search the vehicle; that Abarca gave both verbal and written consent; that during the search, a hinged compartment was located in the dashboard that accessed a void in the firewall of the vehicle, where a package was observed; that the trooper removed the package, together with a second package hidden in the same area, and placed the vehicle occupants under arrest; and that subsequent testing at the state laboratory showed that the two packages held 1,060 grams of a mixture or substance containing a detectable amount of methamphetamine. (Filing 44, at 24:14-26:9.) In response to questioning

3

by the court, Abarca testified that the foregoing information was true, and that he knew he was transporting methamphetamine for delivery to someone in South Sioux City, Nebraska, although he was unaware of the quantity involved or the identity of the person who was to take delivery. (Id., at 27:13-30:18.) Abarca argues that the search was unlawful because the record does not show that the trooper was justified in asking permission to search the vehicle after completing the traffic stop.

"The failure to make a motion to suppress what is essentially the only evidence against a defendant can be sufficient to establish lack of diligence on the part of the attorney if the motion would have succeeded." United States v. Johnson, 707 F.2d 317, 320 (8th Cir. 1983). "In determining whether there was prejudice to [Abarca] from the asserted lack of diligence, [the court] must look into the underlying issue of whether a motion to suppress the [drugs], if one had been made, would have been successful." Id. See also Kellogg v. Scurr, 741 F.2d 1099, 1104 (8th Cir. 1984) ("The prejudice flowing from an attorney's failure to file a suppression motion is determined by examining the likely success of the motion.").

It appears that the officer had probable cause to stop the vehicle. The record does not indicate that Abarca was in custody or being detained when he consented to the vehicle search. Abarca does not claim that he was coerced in any way, or that he did not understand what the trooper was asking. In short, there is nothing to suggest that Abarca's consent was not voluntary. See, e.g., United States v. Williams, 431 F.3d 296, 298 (8th Cir. 2005) (a traffic stop is constitutional, regardless of the officer's subjective intent, if the officer had probable cause to believe a traffic violation occurred; and if an encounter after a traffic stop's completion is consensual, then an officer may ask questions unrelated to the stop and request consent to search the vehicle), cert. denied, 126 S.Ct. 2912 (2006); United States v. Luna, 368 F.3d 876, 879 (8th Cir. 2004) (law enforcement officers may ask a person for consent to search or other types of cooperation without violating the Fourth Amendment as long as they do not induce cooperation by coercive means). It is not likely that a motion to suppress would have been successful.

## B. *Safety-Valve Relief*

The prosecutor and defense counsel both advised the court at sentencing that Abarca did not qualify for safety-valve relief. Specifically, Abarca's attorney stated that "Mr. Abarca has made at least two attempts to satisfy that requirement and we've been unable to do so to the Government's satisfaction." (Filing 75, at 3:4-7.) Abarca challenges this statement by claiming that he was only interviewed once by government agents and was not informed by them whether or not he qualified for safety-valve relief. He also argues that he was expecting a hearing on this issue at sentencing, because when he questioned Magistrate Judge Piester at the guilty plea hearing whether he would qualify for safety-valve relief, Judge Piester properly replied that he "cannot answer that because that will be a matter for the probation officer to investigate when . . . he or she prepares the presentence report that goes to the District Judge. And so that will be something that the District Judge will have to determine." (Filing 44, at 20:19- 21:10.)

Regardless of how many times Abarca was interviewed, and regardless of his understanding of the sentencing procedure, he has not alleged any facts to show that he truthfully provided the government all of the information he had regarding the offense.[2] Without a reasonable probability that Abarca's sentence would have been different if his attorney had objected to the court's decision to adopt the probation officer's sentencing recommendation, there is no basis for granting § 2255 relief.

---

[2] The presentence investigation report, provided to the court on March 8, 2004, indicated that Abarca was not eligible for safety-valve relief for this reason:

> The defendant appears to meet the criteria of subdivision (1)-(4) of U.S.S.G. § 5C1.2. However, he has not provided all the information and evidence known to him regarding the instant offense as required under (5) of this guideline.

(Sealed filing 71, ¶ 21.) The same language is contained in the probation officer's sentencing recommendation.

### C. *Mitigating Role Adjustment*

Inasmuch as Abarca was sentenced to the statutory mandatory minimum term of 120 months, it makes no difference as a practical matter whether he was entitled to any decrease in the offense level calculated under the Sentencing Guidelines. In any event, the facts show that Abarca played more than a minor role in the offense. At the guilty plea hearing he specifically admitted knowing that he was transporting methamphetamine and, in fact, testified that he was the only person in the vehicle who had such knowledge. (Filing 44, at 26:13-27:8.) The plea agreement that Abarca signed also specified that he "should not receive any upward or downward adjustments for role under U.S.S.G. § 3B1.1 or § 3B1.2." (Filing 40, ¶ 7.)

### D. *Plea Colloquy*

Abarca claims that he was not advised of the nature of the charge against him during the plea colloquy. This simply is not true. After stating on the record that he understood what he was charged with and the possible penalties, Abarca was placed under oath and thoroughly examined by Judge Piester regarding his execution of the petition to enter a plea of guilty. Although Abarca now claims that he was told by his attorney that he would receive a 70-month sentence by pleading guilty, he repeatedly was informed that the charge against him carried a 120-month minimum sentence, and, as discussed above, he was also instructed by Judge Piester that his eligibility for safety-valve relief was an open question.

### E. *Presentence Investigation Report*

Abarca's attorney filed a notice on March 3, 2004, stating that he had reviewed the presentence investigation report with Abarca and that there were no objections.[3]

---

[3] The notice states: "Notice is hereby given that Defendant, Angel Abarca Sandoval, has reviewed the Presentence Investigation Report with his attorney, D.

(Filing 54.) The lack of objections was confirmed at the sentencing hearing (Filing 75, at 2:12-15), but Abarca complains that the court also should have inquired of him and his attorney whether they had read and discussed the report. More precisely, Abarca complains that his attorney failed to object to the court's failure to make such an inquiry. Abarca does not directly claim that the notice filed by his attorney was false, although he does argue that a question he asked after the sentence was imposed "demonstrate[s] that he was never presented with the PSI." (Filing 118, at 3.)[4]

      In support of his claim, Abarca relies upon Federal Rule of Criminal Procedure 32(i)(1)(A) [formerly 32(c)(3)(A)], which provides that "[a]t sentencing, the court . . . must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report[.]" While it is true that no

---

Kirk Wolgamott, and has no objections to the Presentence Investigation Report." (Filing 54.)

[4] Abarca's § 2255 motion does not mention this ineffective assistance of counsel claim, but his brief lists the following ground for relief:

> (3) Counsel for Petitioner fail to object to the failure of the Court to inquire personally to Petitioner, if the Counsel review the PSI with him. In violation of Rule 32(c)(3)(A). Petitioner was not aware of the sentence he was going to receive, until sentence, that's why he surprisedly, ask the Court why he was receiving a 120 months sentence, instead of 70 that he was advise of by Counsel. This demonstrates that he was never presented with the PSI.

(Filing 118, at 3.) He has also submitted an affidavit in which he states:

> (12) On April 6, 2004, Petitioner was sentenced to a term of 120 months, without any objection from his Counsel. Petitioner was never asked if he read the PSI, or if his Counsel, read it to, him. Furthermore the Court, didn't ask Counsel if he read the PSI to Petitioner.

(Filing 119, at 3.)

inquiry was made at the sentencing hearing whether Abarca had read and discussed the report with his attorney, the verification requirement was satisfied by a written filing in this case. See United States v. Osborne, 291 F.3d 908, 910 (6th Cir. 2002) (court need only "somehow" determine that defendant and counsel have had an opportunity to read and discuss the presentence report); United States v. Lockhart, 58 F.3d 86, 88 (4th Cir.1995)(a sentencing court need not expressly ask whether the defendant has read the presentence report and discussed it with his counsel if there is evidence in the record from which these facts may be reasonably inferred).

Even if Abarca is claiming that he and his attorney did not actually discuss the presentence investigation report, he cannot demonstrate that he was prejudiced. His only objection to the report appears to be the fact that it indicated he did not qualify for safety-valve relief, and he appears to be arguing that he would have withdrawn his guilty plea had he known this fact, or had he known that his attorney did not object to the report. Abarca, of course, was apprised of both of these facts at the outset of the sentencing hearing, but he voiced no objection during allocution. In any event, Abarca wrongly assumes that he would have been permitted to withdraw his plea based upon his failure to qualify for safety-valve relief.

A defendant has no automatic right to withdraw a plea. United States v. Ramirez-Hernandez, 449 F.3d 824, 826 (8th Cir. 2006). After a plea has been accepted,[5] it can be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal," Fed. R. Crim. P. 11(d)(2)(B), but even if such a reason exists, before granting the motion a court must consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." See Ramirez-Hernandez, 449 F.3d at 826 (quoting United States

---

[5] Although Abarca also argues that his guilty plea was never accepted, this was accomplished in a written order issued on February 3, 2004, adopting Judge Piester's report and recommendation. (Filing 46.)

v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993)). The mere fact that Abarca failed to qualify for safety-valve relief is not a fair and just reason for permitting him to withdraw his plea. Even if his attorney had led Abarca to believe that he could receive a sentence of less than 120 months, Abarca was clearly informed by Judge Piester at the guilty plea hearing that any discussions he might have had with his attorney "about possible sentences must be considered . . . as only estimates" (Filing 44, at 16:2-5), and that by pleading guilty he was subjecting himself to a possible "sentence of between 10 years and life imprisonment." (Filing 44, at 13:4-6.) The petition to enter a plea of guilty, which was written in both English and Spanish, and was reviewed with Abarca by his attorney using an interpreter, also clearly stated Abarca's understanding that the minimum sentence was 10 years. (Filing 39, ¶ 13b.)

### *E. Appeal*

Finally, Abarca claims that his attorney on appeal failed to communicate with him regarding the issues on appeal, to provide him with copies of the briefs filed, to inform him of the outcome of the appeal, or to advise him about petitioning the Supreme Court for a writ of certiorari. Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default, Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005), but it does not provide an independent ground for setting aside a sentence. Because Abarca does not identify any legitimate issue that could have been, but that was not, raised on direct appeal, this claim does not entitle him to § 2255 relief.

### *II. CONCLUSION*

For the reasons stated, Defendant's § 2255 motion is subject to dismissal on initial review.

Accordingly,

9

IT IS ORDERED that:

1. Defendant's § 2255 motion (filing 117) is denied;

2. Defendant's motion for appointment of counsel and to proceed in forma pauperis (filing 120) is denied without prejudice, as moot; and

3. Judgment shall be entered by separate document.

July 31, 2006.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge