IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANGEL ABARCA SANDOVAL, )<br>)<br>Defendant. )<br>) | 4:03CR3056<br><br>MEMORANDUM AND ORDER |

An evidentiary hearing was held in this matter on August 6, 2007 before the undersigned, to determine whether the petitioner is entitled to the benefit of the "prisoner mailbox rule," Fed. R. App. P. 4(c)(1).  I conclude that he is so entitled. Therefore, the matter will proceed for a determination of his request for certificate of appealability.

Judgment was entered by this court on July 31, 2006 denying petitioner's motion to vacate, set aside or correct the defendant's sentence under 28 U.S.C. § 2255.  Petitioner had sixty days from the entry of that judgment to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B) (pertaining to civil cases in which the government is a party).  The docket reflects no further filing in the case until April 13, 2007 when the clerk docketed an inquiry from plaintiff as to the status of his request for certificate of appealability which he said (incorrectly) was filed in this court September 7, 2006.[1]  Filings 124, 128.  That request was denied as untimely by Judge Kopf.  Filing 125.  In accordance with Fed. R. App. P. 22(b), a copy was sent to the Eighth Circuit Court of Appeals.  Filings 126, 129.  The clerk of

---

[1] The application for certificate of appealability is attached as an exhibit to petitioner's affidavit, filing 140.  It is dated September 7, 2006.

that court forwarded the notice of appeal as an application for certificate of appealability.  Filing 130.  The court of appeals dismissed the appeal on May 8, 2007 as untimely filed, filing 131, but later vacated that order, granted petitioner's request for rehearing, and remanded to this court for an evidentiary hearing on petitioner's claim that he is entitled to the benefit of the prison mailbox rule.  Filing 132.

Petitioner has the burden of demonstrating that he is entitled to the benefit of the prisoner mailbox rule.  <u>Porchia v. Norris</u>, 251 F.3d. 1196 (8th Cir. 2001).  Petitioner adduced evidence that clearly establishes that he is so entitled.  The mailing log of the institution where he was housed shows issuance of a certified mail receipt on September 20, 2006 (Exhibit 101), the number of which matches the receipt issued September 20, 2006 (Exhibit 103).  The address of the certified mail postal card is clearly addressed to the clerk of this court at the proper address in Lincoln, Nebraska.  (Exhibit 104).  However, the person whose signature appears on the receipt, F. Gerard Heinauer, is not employed by the clerk of this court.  It appears, therefore, that the petitioner's mail was misdelivered.[2]

Petitioner's application for certificate of appealability (attached to his affidavit, filing 140) is deemed to have been filed September 20, 2006, the day he purchased the certified mail documentation and placed it in the hands of prison staff and/or the United States Postal Service.  That it was never received by this court was not the fault of the petitioner, as he did all he could do to timely file it with the clerk of this court.

---

[2] It appears the mail was improperly delivered to the Department of Homeland Security, Immigration Processing office in this building, though that is not clear from the return receipt.

2

IT THEREFORE HEREBY IS ORDERED:

1.  The Application for Certificate of Appealability, filing 140, Exhibit A, is deemed timely filed.

2.  The clerk shall refer the Application for Certificate of Appealability to the Hon. Richard G. Kopf, United States District Judge, for consideration.

DATED this 6th day of August, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge